NOT FOR PUBLICATION                                              CASE CLOSED

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DEFLORA LAKE DEVELOPMENT ASSOCIATES, INC., a New York Corporation<br><br>                    Plaintiff,<br><br>v.<br><br>HYDE PARK LIMITED PARTNERSHIP, a Wisconsin Limited Partnership, and LEWIS WROBEL, ESQ., as Deed Escrow Agent<br><br>                    Defendants. | Civil Action No. 07-0899 (SDW)<br><br><br>OPINION<br><br><br>October 23, 2007 |

**WIGENTON**, District Judge.

Before this Court is Defendant Hyde Park Limited Partnership's ("Hyde Park") Motion to Dismiss Plaintiff's Complaint for Lack of Personal Jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2). The Court, having considered the parties' submissions and having decided the motion without oral argument pursuant to Federal Rule of Civil Procedure 78, and for the reasons set forth below, **GRANTS** the motion and *sua sponte* dismisses Plaintiff's complaint against Lewis Wrobel, Esq. ("Wrobel") without prejudice for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2).

I.      **JURISDICTION and VENUE**

Plaintiff contends this Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a) and that venue is proper under 28 U.S.C. § 1391(a), (c).

1

II.   **BACKGROUND and FACTS**

Plaintiff DeFlora Lake Development Associates, Inc. ("DeFlora" or "Plaintiff") is a corporation organized and existing under the laws of the State of New York with its principal place of business in Paramus, New Jersey. Defendant Hyde Park is a limited partnership organized and existing under the laws of the State of Wisconsin with its principal place of business in Miami, Florida. Plaintiff's predecessor in interest, Caesar DeFlora, entered into an Agreement of Purchase and Sale ("Land Contract") with Hyde Park dated December 1, 1980, relating to the purchase and sale of seven (7) parcels of land to Hyde Park located in Dutchess County, New York ("the Property"). The Land Contract contains a New York choice-of-law provision and covers the ultimate conveyance of the Property, as well as the terms for significant interim use, occupancy, and management prior to any such conveyance.[1] *See* (Weinstein Aff. ¶¶ 6, 11-12.)

In 1995, Plaintiff filed a Chapter 11 bankruptcy petition in the United States Bankruptcy Court for the Southern District of New York under Docket No. 95-31596. During the pendency of this proceeding, the parties entered into a settlement agreement dated October 30, 1996 that provided for the dismissal with prejudice of three (3) pending New York lawsuits between the parties,[2] as well as for the adoption of Amendment No. 5 to the Land Contract. It is solely this amendment upon which Plaintiff now brings suit.

---

[1] The Land Contract was amended four (4) times between 1985 and 1990: Amendment No. 1 dated November 22, 1985; Amendment No. 2 undated; Amendment No. 3 dated April 19, 1990; and Amendment No. 4 dated December 31, 1990. (Pl.'s Compl. ¶ 7.)

[2] DeFlora Lake Development Associates, Inc. v. Hyde Park Limited Partnership, No. 95 Civ. 10941 (S.D.N.Y.); Hyde Park Limited Partnership v. Caesar DeFlora, DeFlora Lake Development Associates, Inc., No. 96 Civ. 1367 (S.D.N.Y.); Hyde Park Limited Partnership v. Caesar DeFlora, DeFlora Lake Development Associates, Inc., No. 1995/6216 (N.Y. Sup. Ct.).

Plaintiff filed the instant Complaint on February 26, 2007 alleging *inter alia* that Hyde Park breached Amendment No. 5 when it advised co-Defendant Wrobel that a dispute existed between the parties warranting the deposit of certain funds into an escrow account. (Pl.'s Compl. ¶¶ 35-36.) Plaintiff alleges that no actual dispute ever existed and consequently, Hyde Park's contrary assertion constitutes a breach of Amendment No. 5. (Pl.'s Compl. ¶ 37.) Hyde Park filed the instant motion to dismiss for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2) alleging that it has no contacts with the State of New Jersey. Defendant Wrobel has been served, but has filed no response to Plaintiff's complaint as of this date.

### III.  LEGAL STANDARD

Federal Rule of Civil Procedure 4(e) "authorizes personal jurisdiction over non-resident defendants to the extent permissible under the law of the state where the district court sits." Pennzoil Prod. Co. v. Colelli & Assoc., 149 F.3d 197, 200 (3d Cir. 1998) (citation omitted). New Jersey's long-arm statute permits personal jurisdiction over non-resident defendants to the extent allowed by the Due Process Clause of the Fourteenth Amendment. N.J. Ct. R. 4:4-4; DeJames v. Magnificence Carriers, Inc., 654 F.2d 280, 284 (3d. Cir. 1981), *cert. denied*, 454 U.S. 1085 (1981). Therefore, the Court's analysis is strictly limited to determining whether personal jurisdiction over Hyde Park is proper and comports with due process. The Court is guided by the two-part analysis delineated in Burger King Corp. v. Rudzewicz, 471 U.S. 462 (1985).[3] The Court must first determine whether minimum contacts exist between a defendant

---

[3] The Court takes notice that a plaintiff may also ground personal jurisdiction on a general basis based on defendant's "continuous and systematic" contacts with the forum state. Int'l. Shoe Co. v. Washington, 326 U.S. 310, 317 (1945). *See also* Reliance Steel Prods. Co. v. Watson, Ess, Marshall & Enggas, 675 F.2d 587 (3d Cir. 1982). DeFlora, however, has conceded that it seeks to establish personal jurisdiction solely on the basis of specific jurisdiction-not general jurisdiction. (Pl.'s Opp'n 3.)

and the forum state. Id. at 476-77. If the Court finds that the requisite minimum contacts are present, it must then consider whether the exercise of personal jurisdiction would nevertheless offend "traditional notions of fair play and substantial justice" inherent in the Due Process Clause. Id.

Minimum contacts between a defendant and the forum state must be of a nature and quality such that a defendant "should reasonably anticipate being haled into court" in the forum state. World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 295 (1980). Inherent in the concept of minimum contacts is the requirement that a defendant purposefully avail itself of the privilege of conducting business in the forum state and thereby invoke the benefits and protections of its laws. *Burger King*, 471 U.S. at 475. This requirement ensures that a defendant is not amenable to jurisdiction solely on the basis of "random," "fortuitous," or "attenuated" contacts, or the "unilateral activity of another party or a third person." Id. (citing Keeton v. Hustler Magazine, Inc., 465 U.S. 770 (1984); *World-Wide Volkswagen*, 444 U.S. at 299; Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 417 (1984)). The Court's exercise of jurisdiction is limited to a defendant's specific activities within the forum state. *Helicopteros*, 466 U.S. at 416. That is, the claim must ultimately arise out of or relate to a defendant's contacts with the forum state. Id. Only upon the plaintiff demonstrating sufficient minimum contacts between a defendant and the forum state may the Court consider whether exercise of jurisdiction would comport with "fair play and substantial justice." *Burger King*, 471 U.S. at 476 (1985) (quoting Int'l. Shoe, 326 U.S. at 320); *Pennzoil*, 149 F.3d at 201.

4

Where a defendant files a motion to dismiss for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2), the plaintiff bears the burden of demonstrating, with "reasonable particularity," a defendant's minimum contacts with the forum state sufficient to establish personal jurisdiction. Carteret Sav. Bank, F.A. v. Shushan, 954 F.2d 141, 145 (3d Cir. 1992); Time Share Vacation v. Atlantic Resorts, Ltd., 735 F.2d 61, 63 (3d Cir. 1984). In reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(2), the court "must accept all of the plaintiff's allegations as true and construe disputed facts in favor of the plaintiff." *Cartaret*, 954 F.2d at 142 n.1.

## IV.  DISCUSSION

On a personal jurisdiction challenge, the Court's inquiry is strictly limited to determining whether minimum contacts exist between Hyde Park and the State of New Jersey such that this Court's exercise of specific jurisdiction over it comports with due process. The Court finds that insufficient minimum contacts exist to grant personal jurisdiction over Hyde Park.

Plaintiff contends that the business transactions between the parties occurred in New Jersey because numerous meetings were held in New Jersey; negotiations took place in New Jersey; and finally, because Plaintiff disclosed to Hyde Park that its principal place of business was in New Jersey. Plaintiff's argument, however, fails to demonstrate how Hyde Park has any nexus with the State of New Jersey.

Although Hyde Park owns no property or assets in the State of New Jersey, and otherwise conducts no business in the state, Plaintiff considers it sufficient that principles of Hyde Park visited New Jersey to enter into negotiations on the original Land Contract in 1980.

5

It relies for this proposition on Western Union Telegraph Co. v. T.S.I., Ltd., a case in which this Court held that defendant's visits to the forum state to discuss basic terms, followed by additional visits by senior representatives, sufficiently established minimum contacts. 545 F. Supp. 329, 335 (D.N.J. 1982). The plaintiffs in *Western Union*, however, actually sued on the contract produced during those negotiations. Id. at 332. By contrast, DeFlora does not base its suit on the original Land Contract for which the Weinstein's visited New Jersey. Rather, its suit is based entirely on Amendment No. 5. *See* (Pl.'s Compl. ¶¶ 12-18.) In fact, Plaintiff's complaint fails to identify a single provision of the Land Contract upon which its suit is based. As the present suit does not arise out of or relate to the 1980 visits, Plaintiff's argument fails to establish minimum contacts between Hyde Park and the State of New Jersey.

Plaintiff points to five or ten telephone calls in 1996 between the parties concerning the New York litigations and Amendment No. 5 as sufficiently establishing minimum contacts. *See* (Johnson Aff. ¶ 19.) It relies for this proposition on Alchemie International, Inc. v. Metal World, Inc., which equated a corporation's mail and telephone contacts with a defendant corporation to sending an agent into the forum state "in pursuit of the identical contract." 523 F. Supp. 1039, 1051 (D.N.J. 1981). DeFlora's reliance on *Alchemie*, however, is misplaced. *Alchemie* involved "a substantial shipment of goods into the forum state," whereas Amendment No. 5 addressed multiple litigations pending in various New York courts, relating to New York property, to be interpreted under a New York choice-of-law provision. Id. at 1052. Plaintiff further offers a September 21, 1999 correspondence between the parties as constituting minimum contacts upon identical grounds. *See* (Pl.'s Opp'n Ex. A). The referenced letter merely represents an unrelated

6

unilateral contact by DeFlora, which is insufficient to establish the requisite minimum contacts. Consequently, Plaintiff's proffered proofs are insufficient to establish minimum contacts for personal jurisdiction purposes.

Plaintiff places great weight on Hyde Park having notice that Plaintiff's principal place of business was located in New Jersey. For minimum contacts purposes, however, such notice is immaterial. The only relevant analysis is whether Hyde Park could reasonably have anticipated being haled into Court in New Jersey on a settlement agreement resolving multiple New York litigations, relating to New York property, to be interpreted under a New York choice-of-law provision. *See* <u>World-Wide Volkswagen</u>, 444 U.S. at 295. This Court concludes that Hyde Park could not have so anticipated, and thus, is not subject to personal jurisdiction before this Court.

The Court also holds *sua sponte* that insufficient minimum contacts exist to grant personal jurisdiction over Defendant Wrobel. Wrobel is an Attorney at Law of the State of New York whose office is located in Poughkeepsie, New York. (Pl.'s Compl. ¶ 3.) According to Plaintiff's complaint, Wrobel was "named a party defendant solely in his capacity as Deed Escrow Agent" as set forth in Amendment No. 5. <u>Id.</u> Although Wrobel is the party to whom various signed deeds and ancillary documents were delivered (Pl.'s Compl. ¶ 19), the Court has already concluded that Amendment No. 5 has no connection to the State of New Jersey. Additionally, Wrobel's only nexus to this matter are his actions in the State of New York. Therefore, the Court concludes that Defendant Wrobel could not have reasonably anticipated being haled into Court in New Jersey in connection with Amendment No. 5, and thus this Court lacks personal jurisdiction over him.

V.      **CONCLUSION**

For the foregoing reasons, the Court **GRANTS** Defendant Hyde Park's Motion to Dismiss Plaintiff's Complaint for Lack of Personal Jurisdiction and *sua sponte* dismisses Plaintiff's complaint against Defendant Wrobel for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2).  Plaintiff's complaint is dismissed in its entirety without prejudice and the Clerk of the Court shall remove this case from the Court's active docket.

**SO ORDERED.**

s/Susan D. Wigenton, U.S.D.J.

cc: Madeline Cox Arleo, U.S.M.J.

8